# EXHIBIT A

**Filed
D.C. Superior Court
01/19/2018 15:42PM
Clerk of the Court**

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| **Robert Holcomb**<br>5949 Rockhold Drive<br>Deale, MD 20751<br><br>        **Plaintiff,**<br>     v.<br><br>**Aramark Facility Services, LLC**<br>1101 Market Street<br>Philadelphia, PA 19107<br><br>**Serve On:**<br>CT Corporation System<br>Resident Agent<br>1015 15th Street, NW, Suite 1000<br>Washington, D.C.  20005<br><br>            **Defendant.** | **Civil Action No.  2018 CA 000293 B** |

### COMPLAINT AND JURY DEMAND

Plaintiff Robert Holcomb ("Mr. Holcomb" or "Plaintiff"), by and through counsel, hereby moves this Court for Judgment against Defendant Aramark Facility Services, LLC ("Aramark" or "Defendant"), and in support thereof, states as follows:

### I.     PARTIES

1.     Plaintiff resides at 5949 Rockhold Drive, Deale, Maryland 20751, and is a resident of the State of Maryland. Mr. Holcomb performed work for Aramark at George Washington University ("GWU") in Washington, D.C. at GWU's Plant Operations facility located at 2025 F Street, Washington, DC 20052 from 2014 until his termination on January 14, 2016. Plaintiff is a person entitled to protection pursuant to the provisions of Title 29 U.S.C. Section 2611(2)(a) as an employee within the meaning of the FMLA.

2.     Defendant Aramark Facility Services, LLC is a Delaware corporation with its principal place of business in Philadelphia, Pennsylvania. Defendant does business in the District of

Columbia. Aramark is and at all times mentioned herein was an employer within the meaning of the

Family and Medical Leave Act of 1993, 29 U.S.C Section 2601 *et seq.* ("FMLA").

## II. JURISDICTION

3. Venue is proper, as the acts complained of herein occurred in the District of

Columbia.

4. Plaintiff has complied fully with all prerequisites to jurisdiction in the Court under

FMLA.

## III. FACTS GIVING RISE TO RELIEF

5. Mr. Holcomb was wrongfully terminated on January 14, 2016.

6. Aramark improperly considered Mr. Holcomb's use of FMLA leave in making its

decision to terminate Mr. Holcomb's employment.

7. Mr. Holcomb began working for George Washington University ("GWU" or "the

University") in its Plant Operations facility as a First Class Engineer in August 2000, where his job

duties included ensuring that the University's boiler room and associated infrastructure remained in

good working order. In 2014, Mr. Holcomb became an employee of Aramark, pursuant to an

agreement the University entered into with Aramark to provide these services.

8. Mr. Holcomb's direct supervisor was, up until his unlawful termination, Arnold

"Arnie" Nicholas ("Mr. Nicholas"), Chief Engineer for Plant Operations. Mr. Holcomb's second

line supervisor was H. Pete Fletcher ("Mr. Fletcher"), Plant Operations Manager for Aramark.

**A. Aramark Terminated Robert Holcomb on the Basis of his Medical Condition and in Retaliation for Taking FMLA Leave Related Thereto as well as for Refusing to Absolve Aramark of any Potential Work-Place Injuries.**

2

9.      On August 29, 2014, Mr. Holcomb was first diagnosed with osteoarthritis in his knees.  By July 2015, Mr. Holcomb's condition had deteriorated to the point where his doctors advised him that without surgery, he would no longer be able to climb stairs or ladders, lift or carry more than ten pounds, drive, squat, or endure more than short periods of time walking, standing, or sitting.

10.     Mr. Holcomb advised Aramark of his condition in July 2015, and his doctors scheduled him for knee replacement surgery on September 1, 2015.[1]  Mr. Holcomb was subsequently out of work on approved short term disability ("STD") and FMLA leave from September 8 through October 27, 2015.[2]

11.     On October 27, 2015, after recovering from his surgery, Mr. Holcomb returned to work at Aramark.  Mr. Holcomb's doctors cleared him to return to work but instructed him to take it easy for a while and avoid climbing ladders.

12.     Mr. Holcomb told Mr. Nicholas about his doctor's request, and Mr. Nicholas provided Mr. Holcomb with an assistant (Engineer, 3rd Class) for those tasks that required the use of a ladder, "when one [was] available."  Mr. Nicholas did not instruct Mr. Holcomb to otherwise report his request to anyone at Aramark.

---

1 Aramark's "Attending Physician Statement," which is administered by Sedgwick Corporation, required Mr. Holcomb's doctor to "list all disabling diagnoses including all ICD9 codes."  Although Mr. Holcomb complied with this request, Aramark's request is in violation of FMLA's regulations, which do not require diagnosis as part of a certification. *See* 29 C.F.R. §§ 825.305 *et seq*.  Furthermore, the request asks for all disabling medical diagnoses, including any diagnoses that have no relation to his FMLA request, and far exceeds what is permissible under the FMLA.

2 Per Sedgwick's/Aramark's policy, a waiting period of seven days is required prior to payment of STD benefits.

3

13.     In November 2015, Aramark's Director of Human Resources, Juan Soto ("Mr. Soto"), spoke with Mr. Holcomb and, referencing his recent surgery, asked him to sign a document absolving Aramark and GWU of any liability, should Mr. Holcomb's knees become injured on the job going forward.[3]

14.     Although Mr. Holcomb's doctors cleared him to return to work with reasonable accommodations, Aramark requested a release of any *potential* claims by Mr. Holcomb for future injuries at work based on its (false) perception and fear that Mr. Holcomb's disability would be a liability.  The request was invalid under D.C. law.  *See* D.C. Code § 32-1516 (b) ("No agreement by an employee to waive his right to compensation under this chapter shall be valid.").

15.     Mr. Holcomb refused to sign the document and continued his duties, as before.

16.     Less than two months later, on January 14, 2016, Aramark terminated Mr. Holcomb's employment, purportedly for violating GWU's (not Aramark's) parking policy, as further discussed herein.

17.     On or about January 8, 2016, Mr. Holcomb's truck was immobilized by University Police for improperly parking in the Ross Garage without a registration "sticker."  Mr. Holcomb paid the levied fines, and the University removed the immobilization device on the same date.

18.     On January 14, 2016, Mr. Fletcher (Mr. Holcomb's second line supervisor) called Mr. Holcomb for a meeting with him and Mr. Soto (Aramark's HR Director, who had previously requested Mr. Holcomb sign an "agreement" absolving Aramark of liability should he injure his

---

3 Upon information and belief, Mr. Soto works under Aramark's General Services contract with GWU.

4

knees on the job). Mr. Holcomb's first line supervisor, Chief Engineer Arnold Nicholas, was not present. Mr. Fletcher confronted Mr. Holcomb regarding the parking fines, which Mr. Holcomb did not deny, and presented him with a "Disciplinary Notice Form." According to the form, which referenced Mr. Holcomb's "long tenure as a GWU and Aramark employee," the parking violations were also a violation of Aramark's "core values" and justified immediate termination of his employment.

19.     This was the first disciplinary notice Mr. Holcomb had received (for any reason) since Aramark became his employer. Mr. Nicholas, who was Mr. Holcomb's first line supervisor at the Plant Operations facility, did not participate or reprimand Mr. Holcomb regarding the violation, and no other Plant Operations employees were similarly disciplined for parking violations. Instead, Mr. Fletcher and Mr. Soto took it upon themselves to discipline Mr. Holcomb (and only Mr. Holcomb) for parking in the Ross Garage without a "sticker" by terminating him for the first offense, without any prior counseling.

20.     Aramark's termination of Mr. Holcomb's employment, approximately two and one half months after he returned from FMLA leave, and less than two months after he refused to sign an "agreement" absolving Aramark and GWU of any and all liability should Mr. Holcomb's knees become injured on the job, constituted impermissible retaliatory adverse employment actions under the FMLA.

**B. Aramark's Proffered Reasons for Terminating Robert Holcomb's Employment are Pretexts for Retaliation Based on his FMLA Leave to Address his Impairment.**

5

21.     The reasons provided by Aramark for terminating Mr. Holcomb's employment are clearly pretexts for retaliation against Mr. Holcomb for his use of FMLA leave to address a medical condition.

22.     At the time of Aramark's termination of Mr. Holcomb's employment, Mr. Holcomb had been consistently rated as a "valued performer" for nearly sixteen years and was the only employee of Plant Operations terminated for the offense, despite violations by most (if not all) of his co-workers. Despite Mr. Holcomb's years of superior performance, the fact that Mr. Holcomb had paid the parking fines at issue, and Aramark's own policy of progressive discipline, Aramark terminated his employment without any prior counseling, much less any "opportunity to correct the issue," as provided by Aramark's policy of progressive discipline.[4]

23.     The timing of Aramark's actions in response to learning of Mr. Holcomb's use of FMLA leave are sufficiently close in time to establish a causal connection between its actions and Mr. Holcomb's protected activity in taking FMLA leave. "To qualify as a causal connection . . . the temporal proximity between the employer's knowledge of the protected activity and the adverse action must be 'very close.'" *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273, 121 S. Ct. 1508 (2001). *See also Cones v. Shalala*, 199 F.3d 512, 521 (D.C. Cir. 2000) ("A close temporal proximity with the protected activity and the alleged retaliatory action may be sufficient to establish a causal connection.").

---

4 According to Aramark's employee handbook, "It is Aramark's practice generally to advise employees of performance or disciplinary issues and provide them the opportunity to correct the issue." While Aramark does "reserve the right to deviate from this general practice at any time at its sole discretion…" the circumstances here did not warrant the severe step of immediate termination.

6

**C. Aramark Retaliated against Mr. Holcomb by Terminating him for the Same Offense
Committed by his Co-Workers, None of Whom had Recently Taken FMLA Leave – but
were Not Terminated.**

24.     Mr. Holcomb was ostensibly terminated by Aramark after it learned he had violated

GWU's parking policy, which provides in relevant part, "University Police will ticket a car parked

without proper authorization. Under GWU's parking policy, vehicles may also be immobilized or

towed."

25.     For years prior to his termination, Mr. Holcomb occasionally parked in GWU's Ross

Garage parking facility (as did the majority of his co-workers) without obtaining a parking pass and

registration sticker. Mr. Holcomb was not disciplined for (much less terminated for) this offense

*until* he disclosed his disabling medical condition and went on FMLA leave. In this regard, none of

Mr. Holcomb's co-workers (whom had not taken FMLA leave) was similarly disciplined (or

disciplined at all).

26.     For example, Claude Alexander, who is currently employed as a First Class Engineer

at the Plant Operations facility, also incurred many fines for unauthorized parking at the Ross

Garage, but was not reprimanded or otherwise disciplined (much less terminated) for the offense.

Mr. Alexander did not begin paying these fines until *after* Mr. Holcomb's termination, at which time

he began paying the accrued fines on a monthly basis (approximately $200 per month). Moreover,

the arrangement was facilitated by Mr. Alexander's supervisor at Aramark.

27.     Theodosius Wright, who is currently employed by Aramark's Plant Operations

facility at GWU as an Emergency Management Service ("EMS") Operator, also received several

7

tickets for unauthorized parking at the Ross Garage at the time Mr. Holcomb was terminated, but was not disciplined (much less terminated) for the offense.

28.     Similarly, DaWit Tesmichael, who is employed as a First Class Engineer; Robert Wilson, who is employed as an EMS Operator; Ron Brooks, who is employed as a First Class Engineer; and Robert Jackson, who is employed as a First Class Engineer, all parked in the Ross Garage over the years (as did Mr. Holcomb) but have *never been disciplined* (much less terminated) for the offense.

29.     Mr. Holcomb is the only Plant Operations employee who was terminated for violating GWU's parking policy, and was the only Plant Operations employee at the time who had taken FMLA leave.

## D. Any Claims by Aramark Regarding Mr. Holcomb's Performance are Pretexts for Retaliation for his use of FMLA Leave.

30.     Mr. Holcomb has always performed satisfactory work, and the facts establish that any criticism of Mr. Holcomb's work performance is pretextual. Mr. Holcomb received favorable evaluations, salary increases, bonuses, commendations, and awards throughout his 16-year career with GWU and Aramark. Mr. Holcomb's Performance Evaluations consistently rated him as "Valued Performer."

31.     Aramark intentionally, willfully, and wantonly discriminated and retaliated against Mr. Holcomb in violation of the FMLA.

32.     As a result of Aramark's actions, Mr. Holcomb has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and

8

suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which he should be compensated.

## IV. CLAIM FOR RELIEF

### COUNT I
### (Violations of the FMLA)

33.     Plaintiff repeats and incorporates by reference all of the foregoing allegations into this claim of this Complaint as if they were set forth in full.

34.     Plaintiff was a full-time employee whom Defendant employed for more than one year.

35.     In addition, Plaintiff alleges that Defendant's unlawful conduct, including his termination, violates the laws of the Family and Medical Leave Act of 1993, 29 U.S.C. Sections 2601 *et seq.* justifying an award, *inter alia*, of back pay, interest, special damages (if applicable), and any and all other damages that he is entitled to under law against Defendant.

WHEREFORE, Plaintiff requests that this Court enter a judgment:

a.      Declaring that the acts and practices complained of herein are in violation of the FMLA;

b.      Enjoining and permanently restraining these violations of the FMLA;

c.      Directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

d.      Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory and retaliatory treatment of him, and make him whole for all

9

earnings he would have received but for Defendant's discriminatory and retaliatory treatment, including, but not limited to, wages, pension, and other lost benefits;

        e.      Awarding Plaintiff compensatory and special damages; and,

        f.       For any and all other equitable and legal relief to which Plaintiff appears

entitled.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues contained herein.

Respectfully submitted,

Joyce E. Smithey, Esq.
D.C. Bar Number 474004
Reuben W. Wolfson
D.C. Bar Number 1021700
Rifkin Weiner Livingston LLC
225 Duke of Gloucester Street
Annapolis, Maryland 21401
(410) 269-5066 (phone)
(410) 269-1235 (fax)
jsmithey@rwllaw.com
rwolfson@rwllaw.com

Date: January 12, 2018          Attorneys for Plaintiff Robert Holcomb

10



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Robert Holcomb
_____
                                    Plaintiff

                    vs.                              Case Number    **2018 CA 000293 B**

Aramark Facility Services, LLC
_____
                                    Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Joyce E. Smithey
_____          _Clerk of the Court_
Name of Plaintiff's Attorney

225 Duke of Gloucester Street              By _____
_____                    Deputy Clerk
Address
Annapolis, Maryland  21401

410-269-5066                               Date    **01/16/2018**
_____
Telephone
如需翻译, 请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828
빈역을 원하시면, (202) 879-4828로 전화주십시요           የአማርኛ ትርጉም ለማግኘት (202) 879-4828          ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

_____

Demandante

contra

Número de Caso: _____

_____

Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_SECRETARIO DEL TRIBUNAL_

_____
Nombre del abogado del Demandante

Por: _____

_____
Dirección                                                          Subsecretario

Fecha _____

_____
Teléfono
如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Dề có một bài dịch, hãy gọi (202) 879-4828
번역을원하시면(202) 879-4828 로전화주십시오          የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Robert Holcomb

Case Number: __2018 CA 000293 B__

vs

Date: __January 12, 2018__

Aramark Facility Services, LLC

☐ One of the defendants is being sued
in their official capacity.

| | |
|---|---|
| Name: *(Please Print)*<br>    Joyce E. Smithey<br>Firm Name:<br>    Rifkin Weiner Livingston LLC<br>Telephone No.:    Six digit Unified Bar No.:<br>  410-269-5066       474004 | Relationship to Lawsuit<br><br>  ☒ Attorney for Plaintiff<br><br>  ☐ Self (Pro Se)<br><br>  ☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury     ☐ 6 Person Jury     ☒ 12 Person Jury

Demand: $ __In excess of $75,000__     Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____     Judge: _____     Calendar #: _____

Case No.: _____     Judge: _____     Calendar#: _____

---

NATURE OF SUIT:    *(Check One Box Only)*

## A. CONTRACTS

### COLLECTION CASES

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 07 Personal Property
☒ 13 Employment Discrimination
☐ 15 Special Education Fees

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 27 Insurance/Subrogation
    Over $25,000 Pltf. Grants Consent
☐ 07 Insurance/Subrogation
    Under $25,000 Pltf. Grants Consent
☐ 28 Motion to Confirm Arbitration
    Award (Collection Cases Only)

☐ 16 Under $25,000 Consent Denied
☐ 18 OVER $25,000 Consent Denied
☐ 26 Insurance/Subrogation
    Over $25,000 Consent Denied
☐ 34 Insurance/Subrogation
    Under $25,000 Consent Denied

## B. PROPERTY TORTS

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass

## C. PERSONAL TORTS

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including Wrongful Death)
☐ 16 Negligence- (Not Automobile,
    Not Malpractice)

☐ 17 Personal Injury- (Not Automobile,
    Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE    IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**

☐ 01 Accounting
☐ 02 Att. Before Judgment
☐ 05 Ejectment
☐ 09 Special Writ/Warrants
  (DC Code § 11-941)
☐ 10 Traffic Adjudication
☐ 11 Writ of Replevin
☐ 12 Enforce Mechanics Lien
☐ 16 Declaratory Judgment

☐ 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
☐ 18 Product Liability

☐ 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
☐ 29 Merit Personnel Act (OHR)
☐ 31 Housing Code Regulations
☐ 32 Qui Tam
☐ 33 Whistleblower

**II.**

☐ 03 Change of Name
☐ 06 Foreign Judgment/Domestic
☐ 08 Foreign Judgment/International
☐ 13 Correction of Birth Certificate
☐ 14 Correction of Marriage
  Certificate
☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
☐ 27 Petition for Civil Asset Forfeiture (Currency)
☐ 28 Petition for Civil Asset Forfeiture (Other)

☐ 15 Libel of Information
☐ 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151 9 (a)]
☐ 20 Master Meter (D.C. Code §
  42-3301, et seq.)

☐ 21 Petition for Subpoena
  [Rule 28-I (b)]
☐ 22 Release Mechanics Lien
☐ 23 Rule 27(a)(1)
  (Perpetuate Testimony)
☐ 24 Petition for Structured Settlement
☐ 25 Petition for Liquidation

**D.  REAL PROPERTY**

☐ 09 Real Property-Real Estate
☐ 12 Specific Performance
☐ 04 Condemnation (Eminent Domain)
☐ 10 Mortgage Foreclosure/Judicial Sale
☐ 11 Petition for Civil Asset Forfeiture (RP)

☐ 08 Quiet Title
☐ 25 Liens: Tax / Water Consent Granted
☐ 30 Liens: Tax / Water Consent Denied
☐ 31 Tax Lien Bid Off Certificate Consent Granted

_____
Attorney's Signature

January 12, 2018
_____
Date

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Telephone: (202) 879-1133 • Website: www.dccourts.gov**

ROBERT HOLCOMB
  Vs.                                                    C.A. No.        2018 CA 000293 B
ARAMARK FACILITY SERVICES, LLC

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                              Chief Judge Robert E. Morin

Case Assigned to: Judge BRIAN F HOLEMAN
Date:  January 16, 2018
Initial Conference: 9:30 am, Friday, April 13, 2018
Location:   Courtroom 516
                  500 Indiana Avenue N.W.
                  WASHINGTON, DC  20001

CAIO-60

# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement.  The early mediation schedule shall be included in the Scheduling Order following the ISSC.  Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator.  Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/.  To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available.  Both forms may be obtained at www.dccourts.gov/medmalmediation.  One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator.  Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W.  Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov.  *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles.  All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a).  If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.  D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826.  Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief   Judge   Robert   E.   Morin

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

Robert Holcomb                          *

      Plaintiff,                          *

v.                                             *        Civil Action No. 2018 CA 000293 B

Aramark Facility Services, LLC         *

      Defendant.                          *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 5th day of February 2018, a copy of the attached Affidavit of

Service, as well as this Certificate of Service, was electronically filed and served on the attorney

for Defendant via email and U.S. Mail:

Anne E. Martinez, Esq.
Morgan, Lewis & Bockius LLP
1702 Market Street
Philadelphia, PA 19103
Email: <u>anne.martinez@morganlewis.com</u>

                                Respectfully submitted,

                                RIFKIN WEINER LIVINGSTON LLC

                                    /s/ Joyce E. Smithey, Esq.
                                _____
                                Joyce E. Smithey, Esq. (D.C. Bar Number 474004)
                                Reuben W. Wolfson (D.C. Bar Number 1021700)
                                225 Duke of Gloucester Street
                                Annapolis, Maryland  21401
                                (410) 269-5066 (phone)
                                (410) 269-1235 (fax)
                                jsmithey@rwllaw.com; rwolfson@rwllaw.com

                                Attorneys for Plaintiff, Robert Holcomb

Date: February 5, 2018

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

Robert Holcomb                              *

    Plaintiff,                          *

v.                                          *          Civil Action No. 2018 CA 000293 B

Aramark Facility Services, LLC              *

    Defendant.                          *

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## AFFIDAVIT OF SERVICE ON DEFENDANT

    I CERTIFY THAT on January 25, 2018, a copy of the Summons, Complaint, Information

Sheet, and Initial Order and Addendum were served upon counsel for Defendant, Aramark

Facility Services, LLC, Anne E. Martinez, Esq., via email (anne.martinez@morganlewis.com)

by agreement. See attached. I certify that I am over eighteen (18) years old and am not the

Plaintiff or Defendant.

    I SOLEMNLY AFFIRM under the penalties of perjury that the contents of the foregoing

paper are true to the best of my knowledge, information, and belief.

February 5, 2018
Date

                    Donna K. McHugh, Paralegal
                    Rifkin Weiner Livingston LLC
                    225 Duke of Gloucester Street
                    Annapolis, Maryland  21401
                    (410) 269-5066 phone
                    (410) 269-1235 facsimile

## Donna McHugh

| | |
|---|---|
| **From:** | Donna McHugh |
| **Sent:** | Thursday, January 25, 2018 11:11 AM |
| **To:** | Martinez, Anne E.; Joyce E. Smithey; Reuben Wolfson |
| **Cc:** | Genderson, Alana F.; Rosenthal, Geoffrey J.; Donna McHugh |
| **Subject:** | RE: Holcomb v. Aramark |
| **Attachments:** | Service Package.pdf |

Thank you for the quick response.  Attached is the service package, which includes the Summons, Complaint, Information Sheet, and Initial Order and Addendum.

Donna


Donna K. McHugh
Paralegal
Rifkin Weiner Livingston LLC
225 Duke of Gloucester Street
Annapolis, Maryland  21401
(410) 269-5066 (office); (443) 261-2292 (direct)
(240) 460-4484 (cell)
(410) 269-1235 (fax)
www.rwllaw.com



*Please note our new website* www.rwllaw.com *and my new email address* dmchugh@rwllaw.com

CONFIDENTIALITY NOTICE: This communication may contain privileged or other confidential information.  If you are not the intended recipient, or believe you have received this communication in error, please do not print, copy, retransmit, disseminate or otherwise use the information.  Also, please indicate to the sender that you have received this message in error and delete the copy you received.  Thank you.

---

**From:** Martinez, Anne E. [mailto:anne.martinez@morganlewis.com]
**Sent:** Thursday, January 25, 2018 11:04 AM
**To:** Donna McHugh <dmchugh@rwllaw.com>; Joyce E. Smithey <jsmithey@rwllaw.com>; Reuben Wolfson <RWolfson@rwllaw.com>
**Cc:** Genderson, Alana F. <alana.genderson@morganlewis.com>; Rosenthal, Geoffrey J. <geoffrey.rosenthal@morganlewis.com>
**Subject:** RE: Holcomb v. Aramark

Email is fine.

**Anne E. Martinez**
Morgan, Lewis & Bockius LLP

1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5718 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
anne.martinez@morganlewis.com | www.morganlewis.com
Assistant: Deborah L. Riley | +1.215.963.5334 | deborah.riley@morganlewis.com

---

**From:** Donna McHugh [mailto:dmchugh@rwllaw.com]
**Sent:** Thursday, January 25, 2018 11:04 AM
**To:** Martinez, Anne E. <anne.martinez@morganlewis.com>; Joyce E. Smithey <jsmithey@rwllaw.com>; Reuben Wolfson <RWolfson@rwllaw.com>
**Cc:** Genderson, Alana F. <alana.genderson@morganlewis.com>; Rosenthal, Geoffrey J. <geoffrey.rosenthal@morganlewis.com>; Donna McHugh <dmchugh@rwllaw.com>
**Subject:** RE: Holcomb v. Aramark

[EXTERNAL EMAIL]
Good morning, Ms. Martinez.

Thank you for agreeing to accept service of the Complaint.  Is email acceptable or would you prefer a hard copy sent to you via overnight delivery?

Thank you,
Donna


Donna K. McHugh
Paralegal
Rifkin Weiner Livingston LLC
225 Duke of Gloucester Street
Annapolis, Maryland  21401
(410) 269-5066 (office); (443) 261-2292 (direct)
(240) 460-4484 (cell)
(410) 269-1235 (fax)
www.rwllaw.com



*Please note our new website www.rwllaw.com and my new email address dmchugh@rwllaw.com*

CONFIDENTIALITY NOTICE: This communication may contain privileged or other confidential information.  If you are not the intended recipient, or believe you have received this communication in error, please do not print, copy, retransmit, disseminate or otherwise use the information.  Also, please indicate to the sender that you have received this message in error and delete the copy you received.  Thank you.

---

**From:** Martinez, Anne E. [mailto:anne.martinez@morganlewis.com]
**Sent:** Thursday, January 25, 2018 10:24 AM
**To:** Donna McHugh <dmchugh@rwllaw.com>; Joyce E. Smithey <jsmithey@rwllaw.com>; Reuben Wolfson <RWolfson@rwllaw.com>
**Cc:** Genderson, Alana F. <alana.genderson@morganlewis.com>; Rosenthal, Geoffrey J.

<geoffrey.rosenthal@morganlewis.com>
**Subject:** RE: Holcomb v. Aramark

We will accept service of the Complaint, but we reserve Defendant's right to remove the case to federal court.

**Anne E. Martinez**
Morgan, Lewis & Bockius LLP
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5718 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
anne.martinez@morganlewis.com | www.morganlewis.com
Assistant: Deborah L. Riley | +1.215.963.5334 | deborah.riley@morganlewis.com

---

**From:** Donna McHugh [mailto:dmchugh@rwllaw.com]
**Sent:** Wednesday, January 24, 2018 3:37 PM
**To:** Braden, Shannon <Braden-Shannon@aramark.com>
**Cc:** Joyce E. Smithey <jsmithey@rwllaw.com>; Reuben Wolfson <RWolfson@rwllaw.com>; Havener, Christopher <Havener-Christopher@aramark.com>; Martinez, Anne E. <anne.martinez@morganlewis.com>; Donna McHugh <dmchugh@rwllaw.com>
**Subject:** RE: Holcomb v. Aramark

[EXTERNAL EMAIL]
Thank you.  We look forward to hearing from Ms. Martinez.

Donna K. McHugh
Paralegal
Rifkin Weiner Livingston LLC
225 Duke of Gloucester Street
Annapolis, Maryland  21401
(410) 269-5066 (office); (443) 261-2292 (direct)
(240) 460-4484 (cell)
(410) 269-1235 (fax)
www.rwllaw.com



*Please note our new website www.rwllaw.com and my new email address dmchugh@rwllaw.com*

CONFIDENTIALITY NOTICE: This communication may contain privileged or other confidential information.  If you are not the intended recipient, or believe you have received this communication in error, please do not print, copy, retransmit, disseminate or otherwise use the information.  Also, please indicate to the sender that you have received this message in error and delete the copy you received.  Thank you.

---

**From:** Braden, Shannon [mailto:Braden-Shannon@aramark.com]
**Sent:** Wednesday, January 24, 2018 3:34 PM
**To:** Donna McHugh <dmchugh@rwllaw.com>
**Cc:** Joyce E. Smithey <jsmithey@rwllaw.com>; Reuben Wolfson <RWolfson@rwllaw.com>; Havener, Christopher

<Havener-Christopher@aramark.com>; Martinez, Anne E. <anne.martinez@morganlewis.com>
**Subject:** RE: Holcomb v. Aramark

Hello Ms. McHugh —

I've cc'd our outside counsel, Annie Martinez, who will be handling this matter on Aramark's behalf.

**Shannon O. Braden**| Aramark | Litigation Specialist and Counsel | Legal Department
1101 Market Street, 29th Floor
Philadelphia, PA 19107
P: 215.409.4379 M: 570.713.4665 E: braden-shannon@aramark.com

© 2018 Aramark. All rights reserved. This communication, including attachments, is for the exclusive use of addressee as directed by Aramark and may contain proprietary, confidential and/or privileged information. If you are not the intended recipient, any use, copying, disclosure, dissemination or distribution is strictly prohibited. If you are not the intended recipient, please notify the sender immediately by return e-mail, delete this communication and destroy all copies.
PLEASE PRINT RESPONSIBLY

**From:** Donna McHugh [mailto:dmchugh@rwllaw.com]
**Sent:** Wednesday, January 24, 2018 3:28 PM
**To:** Braden, Shannon <Braden-Shannon@aramark.com>; Havener, Christopher <Havener-Christopher@aramark.com>
**Cc:** Joyce E. Smithey <jsmithey@rwllaw.com>; Reuben Wolfson <RWolfson@rwllaw.com>; Donna McHugh
<dmchugh@rwllaw.com>
**Subject:** Holcomb v. Aramark

Good afternoon, Ms. Braden.

As a follow-up to my voicemail this afternoon and your recent conversations with our office, we filed a lawsuit on behalf of Mr. Holcomb against Armark in the Superior Court for the District of Columbia.  Case No. 2018 CA 000293 B.

Please let us know if you will accept service of the complaint on behalf of Armark.  We look forward to hearing from you.

Donna



Donna K. McHugh
Paralegal
Rifkin Weiner Livingston LLC
225 Duke of Gloucester Street
Annapolis, Maryland  21401
(410) 269-5066 (office); (443) 261-2292 (direct)
(240) 460-4484 (cell)
(410) 269-1235 (fax)
www.rwllaw.com



*Please note our new website* www.rwllaw.com *and my new email address* dmchugh@rwllaw.com